CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 0 5 2008

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Criminal Action No. 5:06CR00029-003 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MARK GLENN SCHROEDER, ) | By: Hon. Glen E. Conrad |
| Defendant. ) | United States District Judge |

This case is presently before the court on the defendant's motion for reduction in sentence, pursuant to the United States Sentencing Commission's retroactive application of the amended guidelines pertaining to crack cocaine. For the following reasons, the court will grant the defendant's motion.

On October 2, 2006, the defendant, Mark Glenn Schroeder, pled guilty to one count of conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846; one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g) and 924(e); three counts of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and one count of possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The defendant was sentenced on March 2, 2007. Under the advisory sentencing guidelines, the defendant had a total offense level of 37 and a criminal history category of VI, resulting in a guideline range of imprisonment of 360 months to life. The court granted a substantial assistance motion filed by the government pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and ultimately sentenced the defendant to a 252-month term of imprisonment.

Pursuant to its statutory authority, the Sentencing Commission amended the sentencing guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007. Specifically, the Sentencing Commission amended the drug quantity table set

forth in U.S.S.G. § 2D1.1(c), such that the base offense levels for crack cocaine offenses were generally lowered by two levels. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 35, resulting in a guideline range of imprisonment of 292 to 365 months. On November 14, 2008, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 252 months to 204 months.* The parties were given 14 days to respond to the notice. As of this date, neither party has filed a response. Consequently, for the reason stated, the court will effect the proposed reduction. Specifically, the court will reduce the defendant's term of imprisonment to 204 months. All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 5th day of December, 2008.

United States District Judge

---

* The 204-month term of imprisonment proposed by the court represents a reduction from the amended guideline range that is comparable to the term of imprisonment that the defendant originally received in light of the government's substantial assistance motion. See U.S.S.G. § 1B1.10(b)(2)(B) (2007 Supp.) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.").