IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> MARK GLENN SCHROEDER,  ) <br> Defendant.  ) <br> _____  ) | Case No. 5:06CR00029-003 |

**UNOPPOSED MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND *JOHNSON V. UNITED STATES,* 135 S.Ct. 2551 (2015)**

The defendant, Mark Glenn Schroeder, through counsel, respectfully moves this Honorable Court to enter an order vacating his sentence of 183 months, and scheduling a new sentencing hearing for this Court to impose a sentence not based upon the Armed Career Criminal Act, 18 U.S.C. § 924(e). **The undersigned has conferred with Assistant United States Attorney Jean Hudson, who advises that the government does not oppose relief in this instance.**

In support of this motion, counsel states:

1. On October 2, 2006, Mr. Schroeder pled guilty to one count of possession of a firearm by a convicted felon, and to five offenses related to the distribution of crack cocaine. At his sentencing, Mr. Schroeder was determined to be an "Armed Career Criminal" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924 (e). *See* PSR ¶ 35.

2. The determination that Mr. Schroeder was an Armed Career Criminal was based on three prior convictions the Court determined to be for crimes of violence, including one prior conviction for robbery in the District of Columbia under D.C. Code § 22-2801.

3. On February 12, 2007, the United States filed a motion under § 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e), asking that the Court take into account in sentencing Mr. Schroeder that he provided the government with substantial assistance. The Court sentenced Mr. Schroeder to a sentence of 252 months, later reduced to 183 months.

4. On June 26, 2015, the United States Supreme Court decided the case of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The *Johnson* opinion stated that the residual clause of the ACCA was invalid under the Due Process Clause of the United States Constitution, and that ACCA-enhanced sentences premised on prior convictions qualifying only as crimes of violence under the ACCA's "residual clause" must be reversed.

5. Under *Johnson*, Mr. Schroeder's conviction in the District of Columbia for robbery, which was one of the three predicates relied upon in sentencing Mr. Schroeder as an Armed Career Criminal, no longer qualifies as a predicate conviction under the ACCA.

   (a) First, robbery in the District of Columbia does not qualify under the "force

clause" of the ACCA because it includes pickpocketing and purse-snatching, and does not have as a necessary element the use or threat of violent force against another. *See* 18 U.S.C. § 924(e)(2)(B)(i); D.C. Code **§** 22-2801 (defining robbery as the taking of anything of value "by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another"); *see also Johnson v. United States*, 559 U.S. 133 (2010) (defining the level of force necessary to qualify under the force clause); *In re Sealed Case*, 548 F.3d 1085 (D.C. Cir. 2008) (holding that D.C. robbery lacks a necessary element of force against another and thus does not qualify as a crime of violence under the force clause of the analogous career offender guideline).

    (b)    Second, D.C. robbery also does not qualify under the "enumerated offenses clause" of ACCA, since it is not one of the enumerated offenses. *See* 18 U.S.C. § 924(e)(2)(B)(ii) (naming "burglary, arson, extortion, [and offenses that] involve[] use of explosives").

    (c)    Finally, D.C. robbery now fails as a predicate under the residual clause, the only remaining clause, due to the decision in *Johnson.*

6.    The *Johnson* case announced a new substantive rule of constitutional law and that the decision, in light of the logic of the Supreme Court's ruling, applies

retroactively to ACCA cases on collateral review.  *See Price v. United States,* 795 F.3d 731 (7th Cir. 2015).  Therefore, the one-year limitation period of 28 U.S.C. § 2255(f)(3) is delayed by operation of the statute for one year from the date of the *Johnson* decision, and this § 2255 motion is now timely.

7. Although on May 4, 2015, Mr. Schroeder filed a motion seeking relief under 28 U.S.C. § 2255, on August 4, 2015, this Court permitted that motion to be withdrawn without prejudice.  Therefore, this motion is not successive.

8. Because Mr. Schroeder lacks three convictions for qualifying predicate offenses, he has a right to be resentenced under *Johnson*.  The government agrees that Mr. Schroeder should receive this relief.

WHEREFORE, for the foregoing reasons, as well as for any other reasons that may appear to the Court, Mr. Schroeder requests that this uncontested motion be granted, and that his 183-month sentence be vacated.

                                         Respectfully Submitted,

                                         MARK GLENN SCHROEDER
                                         By Counsel

*Christine Madeleine Lee*
CHRISTINE MADELEINE LEE
Virginia Bar No. 73565
Office of the Federal Public Defender
for the Western District of Virginia
210 First Street SW, Suite 400
Roanoke, VA 24011
(540) 777-0880

4

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was electronically filed and will be forwarded to the Office of the United States Attorney this 11th day of December, 2015.

*Christine Madeleine Lee*
Christine Madeleine Lee